(107 App. Div. 370.)

In re EAST SEVENTH ST. IN THE CITY OF NEW YORK.

(Supreme Court, Appellate Division, Second Department. August 31, 1905.)

EMINENT DOMAIN—CONDEMNATION OF LAND FOR A STREET—AWARD OF DAMAGES —MANNER OF PAYMENT—AUTHORITY OF COURT TO DIRECT PAYMENT.

A city condemned land, held by an executrix in trust for specified purposes, for a street. Pursuant to the agreement of the parties, the court entered an order directing the payment of the award to the executrix or to her attorney on her giving a bond conditioned on her saving the city harmless and on her accounting to those entitled to the fund, except as to the amount she was directed to pay to her attorney. She executed the bond and demanded payment of the award, which was refused on account of a notice of lien which her attorney had filed. *Held*, that the court had power to make the order, it not interfering with her rights as executrix nor the power of the surrogate court, and the fact that the

court was requested to determine the value of the services of her attorney did not furnish a reason for setting the order aside, where he had recovered a judgment for a certain sum.

Appeal from Special Term, Kings County.

In the matter of the application of the city of New York relative to acquiring title to land for a street held by Maria J. Van Duzer under the will of Ann Brew, deceased. From an order denying a motion to vacate an order providing for the payment of the award, Maria J. Van Duzer appeals. Affirmed.

Argued before HIRSCHBERG, P. J., and BARTLETT, JENKS, RICH, and MILLER, JJ.

Morris H. Beall, for appellant.

William Adams Robinson (Howard L. Campion and Francis B. Mullin, on the brief), for respondents.

RICH, J.   Ann Brew died testate in the borough of Brooklyn on September 10, 1899, the owner in fee of real property situate on the corner of Montgomery and Seventh streets, in said borough, leaving her surviving a husband and five children. Her will was admitted to probate as a will of real and personal property by the Surrogate's Court of Kings county on April 4, 1900. The appellant, a daughter, was appointed sole executrix and trustee, and letters testamentary were issued to her April 4, 1900. She qualified and entered upon the discharge of her duties. The testatrix devised to her executrix said real property, in trust to collect the rents, issues, and profits thereof, and pay the same to the husband, John F. Brew, during his natural life or as long as he remained unmarried and furnished a home and support to an unmarried daughter, Ella Brew, until such time as she married, and upon the death or remarriage of John F. Brew to sell the property and divide the proceeds equally between her five children. The will also gave the husband the right to use the property as a home for himself and Ella, rent free, upon paying taxes and insurance. Power of sale was given the executrix and trustee, with direction, if exercised, to invest the proceeds, pay the income thereof to the husband during his natural life or until he remarried, and upon his death or remarriage to pay the principal to said children in equal proportions. Subsequently the city of New York instituted proceedings to acquire title to the whole or some part of this real property, in which proceeding it was wrongly supposed that said John F. Brew was the owner in fee of said property, and an award was accordingly made to him of $1,835 damages. In these proceedings the parties were represented by Mr. Francis B. Mullin, a counselor of this court, to whom the appellant executed a written agreement to pay him for his services 25 per cent. of the amount of any award made, out of which Mullin was to pay all expenses and disbursements connected with the proceeding. This agreement was signed, "Estate of Ann Brew, by Maria J. Van Duzer, Executrix." Upon discovering that the damages had been erroneously awarded to John F. Brew, the appellant on April 16, 1904, applied to the Supreme Court by motion, based

upon her verified petition setting up all the facts, including the averment "that petitioner's counsel, Francis B. Mullin, has a claim thereon" (the award) "to the amount of one-quarter thereof for his services rendered in this proceeding," for an order directing the payment of said award to her as executrix. Notice of the motion was given to all persons interested, who were represented at the hearing by counsel, with the exception of said John F. Brew, and an order was made upon the written consent of all parties appearing, signed by their respective attorneys, directing the comptroller to pay said award to the appellant as executrix, or to Francis B. Mullin, her attorney, provided she as such executrix made and filed a bond in the sum of $2,500 to be approved by a justice of the court, conditioned—

"That the said Maria J. Van Duzer as such executrix will hold the said comptroller of the city of New York and the city of New York forever free and harmless from any and all claims by and on behalf of John Brew or Ella Brew, or any person, arising or growing out of the said award or the payment thereof to the said Maria J. Van Duzer as such executrix, and further conditioned that the said Maria J. Van Duzer will account to this court whenever so required to do so, and to any person interested in said sum or award so paid to her, and particularly to any beneficiaries under the last will of the said Ann Brew, deceased, for the sum or award so paid to her, such accounting to be had upon the petition or actions of such persons or beneficiaries, and in proper case, and further conditioned that the said Maria J. Van Duzer shall well and faithfully keep said sum, and not expend the same or any part thereof without the order of this court, made on motion of said beneficiaries, and be at all times responsible for the said sum, and the proper and lawful disposition thereof, under the terms of said will, except that the said Maria J. Van Duzer, as such executrix, may, and she is hereby directed to, pay to Francis B. Mullin, her counsel herein, his compensation as already agreed."

On June 22d the appellant executed and filed with the comptroller a bond in accordance with the requirements of said order, with the Empire State Surety Company as surety, which, so far as the administration of the fund is concerned, is, like the order, by its language limited to the award itself, and does not apply to any income realized from its investment. The appellant endeavored to procure payment of the award to her, which was refused on account of a notice of lien Mullin had filed with the comptroller. She thereupon filed a notice with the comptroller revoking the power and authority of her said attorney, and refused to receive the money. Mullin thereafter commenced an action in the Municipal Court against the appellant, individually and as executrix, for the value of the services rendered by him in said proceeding, and recovered a judgment for $477, which was subsequently amended so as to be a judgment against the appellant individually only. From this judgment an appeal was taken, and is now pending.

On July 9, 1904, for an expressed consideration of $1, John F. Brew executed a quitclaim deed conveying to the appellant his interest in said real property and in said award. On December 15, 1904, the appellant moved at Special Term for an order vacating and setting aside the order of June 6, 1904, and that the bond filed thereunder be canceled, and that the value of the services rendered by Mullin to the extent that might entitle him to a lien on the award

be determined, and that the rights of all parties in the money represented by the award be judicially determined, and for an order directing the payment to the appellant as executor or trustee as her interest might appear. Upon the hearing all parties, with the exception of John F. Brew, appeared by counsel and were heard, and the motion was denied. An order was entered accordingly, from which this appeal is taken.

Upon the hearing affidavits were presented and read of John F. Brew, Jessie C. Von Stamwitz, Ella E. Brew, and Annie L. Bennett, who, with the appellant, were the only persons interested in the estate of Ann Brew (with the possible exception of Arthur A. Brew), asking that the order and bond should remain without change, and further showing that the appellant was 56 years of age, afflicted with Bright's disease to such an extent as to be mentally and physically unable to discharge the duties of her trust or transact business matters; that she was financially insolvent, and owned no property other than her interest in the land involved in said proceeding; that she was under the influence of her husband, who was also insolvent, and in constant need of large sums of money; that there were numerous unsatisfied judgments against him, and he was about to be sued by the state department of excise upon a liquor license bond for a violation of the liquor tax law; and that their interest in the award would not be afforded adequate protection unless the bond given by her and the order were allowed to stand without change. Two papers—the memorandum of the corporation counsel and the notice filed with the comptroller by the appellant—read and filed on the motion, are not printed in the record, and not before this court.

The appellant urged that the order she now seeks to vacate be granted; that she voluntarily complied with its provisions by giving the bond required, with full knowledge of its nature and contents; that she sought to procure payment of the award, and was willing and anxious to accept such payment, until she ascertained that her attorney had filed notice of his lien thereon. The order she procured directed payment of the attorney in accordance with her agreement with him. No complaint is made as to the regularity of that order, and no reason for the relief asked is shown, unless it is inferred from the request that the Supreme Court determine the value of the services of her attorney. This does not furnish an adequate reason, and especially so in view of the fact that he has recovered a judgment for the value of his services, even if it were conceded that the compensation of Mullin could be properly determined on a motion of this character. The order sought to be vacated was a proper exercise of the power of the court. No grounds for vacating the order are presented that could not have been presented to the court when it was granted. The order was properly made on the merits. The bond given under its provisions does not interfere with the proper performance of her duties, and in no manner prejudices her rights, individually or as the representative of the estate of Ann Brew, and the Surrogate's Court, on her

accounting, is the proper tribunal to determine and adjudicate the interest of the respective parties in the fund.

The order appealed from should be affirmed, with costs. All concur.